## Laura Smith, Appellee, v. Uriah James, Appellant.

1. TROVER—*what defense to action against administrator.* A plea which sets up ownership in the administrator is a good defense to such an action.

2. EVIDENCE—*when party in interest incompetent.* Where the adverse party sues or defends in a representative capacity a party in interest is incompetent.

3. INSTRUCTIONS—*when upon preponderance of evidence erroneous.* An instruction upon this subject is erroneous which does not contain all the elements which the jury may consider in determining where the preponderance is but which tells the jury that they must consider only those elements specified in the instruction.

Trover. Appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied November 8, 1911.

E. B. Mitchell and Herrick & Herrick, for appellant.

John Fuller, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

This is an action in trover brought by plaintiff against defendant for the alleged wrongful conversion of certain personal property claimed by plaintiff to belong to her. The declaration contained two counts in trover; defendant filed a plea of not guilty and a special plea setting forth that the property in question belonged to one William Smith in his lifetime and that defendant was legally appointed administrator of the estate of William Smith, deceased; that as such administrator he took possession of the property and in that capacity sold it. The plea further alleged that he sold it as such administrator under and by virtue of the order of the county court of DeWitt county, setting forth these facts in proper averments. To this special plea plaintiff filed a replication to which the court sustained a demurrer and on motion of the plaintiff the demurrer was carried back and sustained to the plea. The defendant elected to abide by his special plea and a judgment on this plea was rendered against defendant for costs; issue was then joined upon the plea of not guilty and the cause was tried by a jury, with a finding against defendant upon which a judgment was rendered for $248.75.

The grounds upon which defendant urges a reversal of this judgment are that the court improperly sustained the demurrer to the special plea, improperly rendered a judgment against defendant for costs on that plea, and that the court erred in the admission of evidence over defendant's objections and in the rejection of evidence offered by him; also that the court erred in the giving and refusing of instructions.

Upon the contention that the court erred in sustaining the demurrer to the special plea, this plea not only contained the plea of property in the administrator but also undertook to avoid the conversion by attempting to show that defendant, in good faith as such administrator, sold the property under decree of the county court. While a decree and order of sale by the county court by the administrator is not a protection to the administrator for the wrongful conversion of the property and is not properly pleaded in an action of trover against the administrator, this plea not only set forth the sale by the administrator under order of the court but alleged the ownership of the property in the administrator, and if the property belonged to the estate and was in the hands of the administrator as such, then it was properly to be pleaded in defense in this action; for this reason the demurrer should not have been sustained to this plea.

Upon the contention of the improper admission and rejection of evidence, plaintiff claims the property, and upon the plea that the property was in the hands of the defendant as administrator of the estate of William Smith and that he was entitled to hold it as such and that he defends it in the capacity of administrator, the plaintiff was an incompetent witness to all transactions that took place between her and the deceased during his lifetime, but the court permitted her to testify in regard to these matters. The objection that she was an incompetent witness as to such matters should have been sustained. Defendant offered to show that plaintiff had made numerous statements to divers parties concerning this property after the death of defendant's intestate, which were against her interest, and in which it is contended that she said the property belonged to William Smith in his lifetime. Objection to this class of evidence was improperly sustained and it was error to refuse its admission. Defendant also offered in evidence copies

of his letters of administration for the purpose of showing the capacity in which he claimed to have received this property; he also offered the files and records of the county court including the inventory, appraisement, and orders and decrees of the court directing the sale. Objections to all that class of evidence, excepting the copies of the letters of administration, were properly sustained, but defendant should have been permitted to introduce copies of his letters of administration of this estate.

Upon the question of the instructions, they are based principally upon the theory upon which this case was tried and in that regard they are erroneous. Special objection is made to the fifth instruction. This instruction in its language limited the jury to certain facts and circumstances named in the instruction in determining the weight and credit that the jury should give to the various witnesses. This instruction contained only a part of the elements or matters which the jury are entitled to consider in determining the weight of the evidence. Where an instruction undertakes to give or define the elements that the jury may consider in determining the weight and character of the evidence it must include all of the matters that are competent to be considered in determining this weight, and in addition to not containing all of the elements, the jury were instructed that they should alone consider those named in the instruction.

Special complaint is made of instruction 5½, but the criticism of this instruction is not well taken. The instruction informed the jury that the defendant was sued as an individual but that the fact that he defended as administrator was no defense to the action if they believed from the preponderance of the evidence that the property was the property of the plaintiff. There was no error in the giving of this instruction.

Instruction No. 7 given on behalf of plaintiff was

erroneous in telling the jury that the burden of proof was upon the defendant to show that plaintiff was not the owner of the property under certain conditions; the preponderance of proof did not shift to defendant in this action; it was all times upon plaintiff, to show that she was the owner of the property and entitled to its possession.

From what has heretofore been said, doubtless all other errors in the instructions will be corrected in another trial, which must be had in this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*